UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ASHLEY H.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C18-5755JLR

ORDER AFFIRMING DENIAL OF BENEFITS

## I.    INTRODUCTION

Plaintiff Ashley H. seeks review of the denial of her applications for supplemental security income and disability insurance benefits. (*See* Compl. (Dkt. # 3).) Plaintiff contends that the Administrative Law Judge ("ALJ") erred by (1) improperly rejecting Plaintiff's symptom testimony, (2) improperly evaluating the medical evidence, (3) improperly evaluating the lay witness testimony, and (4) improperly assessing Plaintiff's residual functional capacity and performing step five of the disability evaluation. (Pl. Op. Br. (Dkt. # 12) at 1.) As discussed below, the court AFFIRMS the Commissioner's final decision and DISMISSES this case with prejudice.

//

## II. THE ALJ'S DECISION

Utilizing the five-step disability evaluation process, 20 C.F.R. §§ 404.1520, 416.920, the ALJ found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since September 18, 2015, the alleged onset date. *See* 20 C.F.R §§ 404.1571-76, 416.971-76.

**Step two:** Plaintiff has the following severe impairments: Asthma, bilateral knee patellar dysfunction, fibromyalgia. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).

**Step three:** Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926.

**Residual Functional Capacity ("RFC"):** Plaintiff can perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a). She can lift and/or carry 10 pounds occasionally and less than 10 pounds frequently. She can stand and/or walk for two hours in an eight-hour work day. She can sit for six hours in an eight-hour work day. She can occasionally use foot controls bilaterally. She can occasionally climb ramps and stairs, balance, stoop, crouch, and kneel. She cannot climb ladders, ropes, or scaffolds, and cannot crawl. She can occasionally tolerate exposure to vibration, temperature extremes, humidity extremes, and concentrated levels of dusts, fumes, gases, odors, and pulmonary irritants.

**Step four:** Plaintiff has no past relevant work. *See* 20 C.F.R. §§ 404.1565, 416.965.

**Step five:** Considering Plaintiff's age, education, work experience, and RFC, there are jobs that existed in significant numbers in the national economy that Plaintiff can perform. *See* 20 C.F.R. §§ 404.1569, 404.1569(a), 416.969, 416.969(a).

(Admin. Record ("AR") (Dkt. # 7) at 25-37.) The ALJ thus found that Plaintiff had not been under a disability, as defined by the Social Security Act ("Act"), from September 18, 2015, through the date of the ALJ's decision. (*Id.* at 37.) The Appeals Council denied Plaintiff's request for review, making the ALJ's decision final. (*See id.* at 11-13.)

## III. ANALYSIS

Plaintiff, as the claimant, bears the burden of proving that she is disabled within the meaning of the Act. *See Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). Pursuant to 42 U.S.C. § 405(g), the court may set aside a denial of social security benefits only when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Although the court is required to examine the entire record, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

**A.  Plaintiff Has Failed to Show That the ALJ Harmfully Erred in Evaluating Plaintiff's Symptom Testimony**

Plaintiff argues that the ALJ erred in discounting her testimony. (Pl. Op. Br. at 7-13.) Despite dedicating six pages of the brief to summarizing Plaintiff's testimony, Plaintiff's counsel has failed to identify any functional limitations arising from Plaintiff's testimony that the ALJ failed to incorporate into the RFC. (*See id.*)

Plaintiff testified to two primary conditions that she believes could cause actual work restrictions. First, she testified that she has significant problems with her knees. (*See* AR at 179-80, 191-95, 404.) Plaintiff indicated that, as a result, she struggles to stand or walk for more than a brief period of time, and has trouble sitting for longer periods of time. (*See id.* at 182.) But Plaintiff conceded that she could do a largely

seated job that involved two hours of standing or walking over the course of an eight-hour work day. (*Id.* at 180-81.) Plaintiff further conceded that her knees were stable. (*Id.* at 191.) The ALJ implicitly accepted this portion of Plaintiff's testimony, as he limited her to sedentary work that involved standing and/or walking for no more than two hours in an eight-hour work day. (*See id.* at 29.) Plaintiff has failed to show that the ALJ committed an error that had any impact on the ultimate outcome here. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) ("[A]n ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'") (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)).

Second, Plaintiff testified that she suffers from asthma, which she suggested could interfere with her ability to work. (*See id.* at 184-88, 203-11.) The ALJ addressed Plaintiff's asthma by restricting her exposure to respiratory irritants. The ALJ further acknowledged that Plaintiff has spent time in the hospital due to her asthma, but found that "[s]he has not spent a significant amount of time in the hospital, which means she would not likely miss work more than would generally be tolerated by an average employer in the national economy." (*Id.* at 34.) Plaintiff argues that the ALJ erred in making this finding because Plaintiff "was hospitalized for nine days in 2015 alone." (Pl. Op. Br. at 9.) But this fact does not contradict the ALJ's finding. The vocational expert testified that employers on average allow one unscheduled absence per month. (AR at 236.) Nine days in 12 months does not exceed this limit.

Plaintiff quibbles with several other parts of the ALJ's evaluation of her

testimony, but fails to show how any of the alleged errors would change the outcome here. For example, Plaintiff argues that the ALJ rejected her testimony that fibromyalgia caused fatigue. (Pl. Op. Br. at 9.) But fatigue is not a functional work limitation, and Plaintiff has not shown that accepting Plaintiff's testimony would change the RFC. Thus, Plaintiff has failed to show harmful error because her testimony does not establish limitations beyond those the ALJ set out in the RFC. *See Molina*, 674 F.3d at 1115.

**B.     Plaintiff Has Failed to Show That the ALJ Harmfully Erred in Evaluating the Medical Evidence**

Plaintiff argues that the ALJ erred in evaluating the medical evidence. (Pl. Op. Br. at 2-7.) Plaintiff's argument is almost entirely a recitation of the medical evidence and a request that the court interpret it differently than the ALJ did. (*See id.*) The court has repeatedly admonished Plaintiff's counsel not to summarize the medical evidence without connecting it to a legitimate legal argument. *See John M. v. Comm'r of Soc. Sec.*, No. C18-5495 RBL, 2019 WL 2005778, at *3 (W.D. Wash. May 7, 2019); *Rachel S. v. Berryhill*, No. C18-5377 RSL, 2019 WL 1013469, at *4 (W.D. Wash. Mar. 4, 2019). Counsel should by now be aware that the court will reject such conclusory arguments.

Plaintiff has failed to show that the ALJ harmfully erred. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (holding that the party challenging an administrative decision bears the burden of proving harmful error) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407-09 (2009)). Plaintiff must show that the ALJ's interpretation of the medical evidence was irrational, but her counsel has simply presented an alternate interpretation, which does not does not satisfy Plaintiff's burden. *See Thomas*, 278 F.3d at 954.

The only specific error Plaintiff alleges is that the ALJ erred in giving significant weight to a non-examining physician. (Pl. Op. Br. at 6.) But an ALJ is not required to give reasons for accepting a medical opinion. *See Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010). Plaintiff has not shown that the ALJ's reading of the medical evidence was irrational, and has consequently failed to show harmful error. *See Thomas*, 278 F.3d at 954.

**C.     The ALJ Did Not Harmfully Err in Evaluating the Lay Witness Testimony**

Plaintiff argues that the ALJ erred in failing to address Plaintiff's mother's testimony. (Pl. Op. Br. at 13-15.) Once again, Plaintiff's counsel has summarized Plaintiff's mother's testimony, but failed to present an argument as to how the ALJ's error changed the outcome of the case. (*See id.*)

Plaintiff's mother testified before the ALJ at the hearing on Plaintiff's claims. (*See* AR at 213-33.) Plaintiff's mother's testimony largely echoed Plaintiff's testimony. (*See id.* at 174-211, 213-33, 397-404.) The ALJ did not discuss Plaintiff's mother's testimony in his decision. (*See id.* at 25-37.)

In determining disability, "'an ALJ must consider lay witness testimony concerning a claimant's ability to work.'" *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009) (quoting *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006)). But where the lay witness testimony does not describe any limitations beyond those the claimant described, and the ALJ adequately evaluated the claimant's testimony, failure to evaluate the lay witness testimony is harmless. *See Molina*, 674 F.3d at 1122.

Plaintiff has failed to demonstrate what additional limitations Plaintiff's mother's testimony established that the ALJ did not already address when evaluating Plaintiff's testimony. Simply stating that the outcome could have been different if the ALJ had discussed Plaintiff's mother's testimony—as Plaintiff's counsel has done—does not satisfy Plaintiff's burden because it does not describe how the outcome could have been different. The ALJ addressed the limitations Plaintiff's testimony indicated, and the fact that the ALJ failed to repeat that discussion in the context of Plaintiff's mother's testimony was not automatically harmful. *See Molina*, 674 F.3d at 1117. Plaintiff has thus failed to show harmful error.

**D.  The ALJ Did Not Harmfully Err in Assessing Plaintiff's RFC and Step Five**

Plaintiff argues that the ALJ erred in assessing Plaintiff's RFC and in performing the step five evaluation. (Pl. Op. Br. at 16.) Plaintiff's argument depends on the success of her earlier arguments, as she contends that the ALJ failed to include in the RFC all of the limitations established by Plaintiff's testimony, the medical evidence, and Plaintiff's mother's testimony. (*See id.*) Plaintiff further argues that the step five evaluation was flawed because it relied on an incomplete RFC. (*Id.*) Because the court has found that the ALJ did not harmfully err in weighing the evidence on which Plaintiff bases her contention, the ALJ was not required to include additional limitations in the RFC. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1164-65 (9th Cir. 2001) (holding that an ALJ is not required to include limitations in the RFC that were not established by the evidence). Plaintiff has thus failed to show that the ALJ harmfully erred in assessing the RFC, and,

in turn, step five of the disability evaluation.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

DATED this 26th day of July, 2019.

JAMES L. ROBART
United States District Judge